1

2

3

4

5

6

THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8

9     DESIREE KEEFE,                                    CASE NO. C17-0177-JCC

10                          Plaintiff,                   ORDER

11                  v.

12    CROWNE PLAZA HOTEL SEATTLE, *et al.*,

13                          Defendants.

14

15          This matter comes before the Court on Plaintiff Desiree Keefe's motion to remand (Dkt.

16    No. 16), Plaintiff's motion to continue (Dkt. No. 18), and Defendants' partial motion to dismiss

17    (Dkt. No. 15). Having thoroughly considered the parties' briefing and the relevant record, the

18    Court finds oral argument unnecessary and hereby GRANTS Plaintiff's motion to continue,

19    DENIES Plaintiff's motion to remand, and GRANTS in part and DENIES in part Defendants'

20    partial motion to dismiss for the reasons explained herein.

21    I.     BACKGROUND

22          In October 2009, Defendant Today's Hotel Seattle Corporation d/b/a Crowne Plaza Hotel

23    Seattle hired Plaintiff as a bartender. (Dkt. No. 1-2 at ¶ 3.2.) In December 2009, Plaintiff began

24    dating her coworker, Defendant Colin Sage Hammond.[1] (*Id.* at ¶ 3.4.) Plaintiff ended the

25    relationship in June 2010, and alleges Mr. Hammond developed a hostile attitude towards her at

26    _____
      [1] Mr. Hammond has not been served at this time.

1   work after their breakup. (*Id.* at ¶¶ 3.4–3.6.)

2       On December 8, 2013, Plaintiff and Mr. Hammond went to a company holiday party. (*Id.*

3   at ¶ 3.7.) Plaintiff and a few coworkers, including Mr. Hammond, went back to her home after

4   the party. (*Id.* at ¶ 3.10.) Plaintiff alleges that Mr. Hammond raped and sexually assaulted her

5   after most of the other coworkers had gone home. (*Id.* at ¶¶ 3.13–3.16.)

6       On December 19, 2013, Plaintiff received a Sexual Assault Protection Order. (*Id.* at

7   ¶ 3.21.) The same day, Plaintiff notified Defendant Al Rosales, the Human Resources Manager,

8   and Defendant Cristy Smith, the General Manager, about her Protective Order. (*Id.* at ¶ 3.22.)

9   Defendants told Plaintiff "not to worry about negative consequences to her employment as a

10  result of the sexual assault or the order. She was also assured that the fact of the assault would

11  remain as confidential as possible, and that her schedule would be accommodated as much as

12  possible." (*Id.* at ¶ 3.22.) Plaintiff was also assured that if Mr. Hammond was "scheduled to work

13  on the same day she was, that he would depart the hotel a minimum o[f] one hour before her shift

14  was scheduled to begin." (*Id.* at ¶ 3.25.)

15      In January 2014, Plaintiff was diagnosed with Post Traumatic Stress Disorder (PTSD) as

16  a result of the sexual assault, and notified her employer that she would be taking a paid leave of

17  absence. (*Id.* at ¶ 3.31, 3.32.) On March 14, 2014, Plaintiff "felt compelled to resign" from her

18  position after she received a "number of requests to return to [work] or else lose her position."

19  (*Id.* at ¶ 3.37.)

20      On December 30, 2016, Plaintiff filed a complaint in King County Superior Court. (Dkt.

21  No. 1-2.) She alleged (1) assault, (2) battery, (3) negligent infliction of emotional distress,

22  (4) wrongful discharge, (5) negligent hiring and retention, and (6) wage and hour violations. (*Id.*

23  at ¶¶ 5.2–5.7.) Claims 1, 2, and 3 seem to be alleged against all Defendants. (*See id.*) Claims 4, 5,

24  and 6 are alleged against the corporate Defendants, InterContinental Hotel Group Resources,

25  Interstate Hotels, and Today's Hotel Seattle Corporation d/b/a Crowne Plaza Hotel Seattle. (Dkt.

26  No. 20 at 4.)

On February 6, 2017, the served defendants removed the case to this Court, alleging diversity jurisdiction. (Dkt. No. 1.) Defendants filed a motion to dismiss all claims against the individual Defendants and claims 1–4 against the corporate Defendants. (Dkt. No. 15.) Plaintiff filed a motion to remand based on a lack of diversity jurisdiction. (Dkt. No. 16.)

## II.    DISCUSSION

### A.    Motion to Continue (Dkt. No. 18)

Plaintiff filed a motion to continue ruling on Defendants' motion to dismiss until after the motion to remand has been decided (Dkt. No. 18). The Court GRANTS Plaintiff's motion to the extent it requests the Court to consider the motion to remand first. The Court must decide if it has subject matter jurisdiction over this case before it can potentially dismiss claims. However, the Court will decide both motions in this Order because the issues are intertwined and both motions are ripe for consideration.

### B.    Motion to Remand (Dkt. No. 16)

A party to a civil action brought in state court may remove that action to federal court if the district court would have had original jurisdiction at the time of both commencement of the action and removal. *See* 28 U.S.C. § 1441(a). Once removed, the case can be remanded to state court for either lack of subject matter jurisdiction or defects in the removal procedure. *See* 28 U.S.C. § 1447(c). Where federal jurisdiction is conferred by diversity, the removing party bears the burden of proving complete diversity of citizenship and an amount in controversy greater than $75,000. *See* 28 U.S.C. § 1332(a).

However, "fraudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe v. General*

1   *Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). When fraudulent joinder is at issue, a

2   defendant may present information outside of the pleadings. *Id.*

3           The parties do not dispute that the corporate Defendants and Plaintiff are completely

4   diverse, while the individual Defendants and Plaintiff are not completely diverse. However,

5   Defendant argues that the removal was proper because the individual Plaintiffs were fraudulently

6   joined. (Dkt. No. 1 at 6–7.) Defendant contends that the claims 1–3—the only claims against the

7   individual Defendants—are time-barred. (*Id.*; Dkt. No. 21.) Plaintiff counters that the individual

8   Defendants are liable for their conduct as to claim 3, negligent infliction of emotional distress,

9   because the statute of limitations tolled during the period of her PTSD disability.[2] (Dkt. No. 16 at

10  2–3.) Therefore, the Court will consider if claims 1–3 are time barred, and effectively make the

11  individual Defendants' joinder fraudulent.

12          In Washington, the statute of limitations for assault and battery is 2 years. Wash. Rev.

13  Code § 4.16.100. The statute of limitations for negligent infliction of emotional distress is 3

14  years.  Wash. Rev. Code. § 4.16.080(2). These causes of actions accrue "at the time the act or

15  omission occurs." *In re Estates of Hibbard*, 826 P.2d 690, 694 (Wash. 1992). Here, Plaintiff

16  claims the rape occurred on December 8, 2013, or in the early hours of December 9, 2013. (Dkt.

17  No. 1-2 at ¶¶ 3.7–3.21.) However, Plaintiff's complaint was not filed until December 30, 2016,

18  more than three years after the alleged rape. (*See* Dkt. No. 1-2.) Therefore, Plaintiff must prove

19  that the statute of limitations should be tolled. *See Rivas v. Overlake Hosp. Med. Ctr.*, 189 P.3d

20  753, 755 (Wash. 2008).

21          Under Washington law, the statute of limitations may toll when the plaintiff is

22  "incompetent or disabled to such a degree that he or she cannot understand the nature of the

---

[2] Plaintiff also claims that the "question of whether these claims are time barred as a result of [Plaintiff's] PTSD sounds in state law, not federal law, and should be resolved accordingly in King County Superior Court." (Dkt. No. 16 at 3.) However, this is a fundamental misunderstanding of *Erie* and its progeny. The decision of whether these claims are time barred is entirely a question for this Court, not the King County Superior Court, because a court sitting in diversity jurisdiction applies substantive state law. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

ORDER
PAGE - 4

proceedings." Wash. Rev. Code § 4.16.190(1). "A determination of incapacity is a legal not a medical decision . . . . Age, eccentricity, poverty, *or medical diagnosis alone shall not be sufficient to justify a finding of incapacity.*" Wash. Rev. Code § 11.88.010(1)(c) (emphasis added). Here, Plaintiff has only alleged that she was diagnosed with PTSD. (Dkt. No. 1-2 ¶ 3.31.) While the Court is very sympathetic to Plaintiff's mental condition and allegations, her PTSD diagnosis alone is not enough to toll the statute of limitations. The facts demonstrate that Plaintiff was very emotionally distraught and understandably diagnosed with PTSD. However, the facts do not demonstrate that she could not understand the nature of these civil proceedings. Therefore, Plaintiff's assault, battery, and negligent infliction of emotional distress claims against the individual Defendants were fraudulently joined and are DISMISSED with prejudice because they are time barred. To the extent claims 1–3 are also alleged against the corporate Defendants, they are also DISMISSED with prejudice for the same reason. With all of the claims against the individual Defendants dismissed, the parties are entirely diverse and the Court has subject matter jurisdiction over the matter. Plaintiff's motion to remand is DENIED.

### C.    Partial Motion to Dismiss (Dkt. No. 15)

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678. Although the Court must accept as true a complaint's well-pleaded facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The plaintiff is obligated to provide grounds for her entitlement to relief that amount to more than labels and conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A dismissal under Federal Rule of Civil Procedure 12(b)(6) "can [also] be based on the lack of a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Plaintiff alleges that as a result of the corporate Defendants' failure to "investigate the allegations and failure to take disciplinary action on the [rape] allegations once [Plaintiff] brought them to their attention, she was constructively wrongfully discharged." (Dkt. No. 1-2 at ¶ 5.4.) Defendant argues the wrongful discharge claim should be dismissed because Plaintiff was not constructively discharged, as she continued to receive employment benefits while out on leave and the corporate Defendants took many steps to ensure that Plaintiff and Mr. Hammond did not ever interact. (Dkt. No. 15 at 5; Dkt. No. 23 at 6–8.) Plaintiff counters that she was not awarded the benefits until after she resigned and "there were demands placed on her to return to work in the same workplace as her rapist." (Dkt. No. 20 at 4.)

Under Washington case law, constructive discharge occurs "if the employer makes working conditions so intolerable that the employee is forced to leave the workplace for medical reasons rather than quit or resign." *Korslund v. DynCorp Tri-Cities Servs., Inc.*, 125 P.3d 119, 125 (Wash. 2005), *overruled on other grounds by Rose v. Anderson Hay & Grain Co.*, 358 P.3d 1139 (Wash. 2015). "The inquiry is whether working conditions would have been so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign." *Washington v. Boeing Co.*, 19 P.3d 1041, 1049 (Wash. Ct. App. 2000) (internal quotations omitted).

At this stage, Plaintiff has alleged enough facts to survive a motion to dismiss. The fear of encountering a man at work who allegedly physically and sexually assaulted Plaintiff is more than enough to allege working conditions so intolerable that a reasonable person would have felt compelled to resign, even though Defendants attempted to make accommodations. Plaintiff also

alleges that her direct supervisor texted her while she was on leave "inquiring whether and when she would be returning to work and if no, they would need to fill her position immediately." (Dkt. No. 1-2 at ¶ 3.36.) Taken together, Plaintiff has alleged enough facts for a constructive discharge claim at this stage of the proceedings. Therefore, Defendant's motion to dismiss the wrongful discharge claim against the corporate Defendants is DENIED.

## III.    CONCLUSION

For the foregoing reasons, Plaintiff's motion to continue (Dkt. No. 18) is GRANTED, Plaintiff's motion to remand (Dkt. No. 16) is DENIED, and Defendants' partial motion to dismiss (Dkt. No. 15) is GRANTED in part and DENIED in part.[3] The assault, battery, and negligent infliction of emotional distress claims are DISMISSED with prejudice as to all Defendants because they are time barred. In sum, only the wrongful discharge and wage violation claims against the corporate Defendants remain.

DATED this 3rd day of April 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[3] Defendants also request reasonable attorney fees, but cite no support for this request. (Dkt. No. 15 at 9.) Assuming the Defendants are making this request based on Plaintiff's fraudulent joinder of the individual Defendants, the request is DENIED. Although ultimately incorrect, their joinder based on a tolling of the statute of limitations argument was not blatantly unreasonable.

ORDER
PAGE - 7